## Case No. 3,841.

### In re DEVLIN et al.

[1 Ben. 335;[1] 1 N. B. R. 35; Bankr. Reg. Supp. 8; 6 Int. Rev. Rec. 61; 1 Am. Law T. Rep. Bankr. 32.]

District Court, S. D. New York. Aug., 1867.

BANKRUPTCY PRACTICE—TIME OF NOTICE OF FIRST MEETING—PUBLICATION.

1. Where a warrant in bankruptcy was issued July 10th, the first meeting of creditors being

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

fixed for July 24th, and, on the 24th, the marshal made return of due publication of notice, the first publication being on July 15th, and of due mailing of notices on that day, and thereupon the register adjourned the meeting to August 8th, and directed a new notice to be given by the marshal, as required in the warrant, of such adjourned meeting, and, on August 8th, the marshal returned that he had, on July 29th, mailed notices to the creditors, but did not return that any further publication had been made, and the register thereupon certified to the court the questions (1) whether the publication for the first return day of the warrant was sufficient, and (2) whether it was necessary to publish again for the adjourned day: Held, that the publication for the first day was not sufficient, the meaning of the eleventh section of the bankrupt act [of 1867 (14 Stat. 521)] being, that the notices shall be served and the publication be completed before the commencement of the ten days immediately preceding the return day of the warrant.

[Cited in Re Pulver, Case No. 11,466.]

2. That, there having been no proper publication and service of notice, it was proper for the register to adjourn the meeting.

3. That the word "given," in the twelfth section of the act, means published as well as served.

4. That, as the notice had not been properly published at the time of the second meeting, it was proper for the register to again adjourn the meeting and direct notice to be published as above stated, the service on the creditors having been properly made and standing good.

5. That, if the publication had been good for the first return day, it would not have been necessary to publish again, but only to have required new service of the notices on the creditors.

[In bankruptcy. In the matter of Patrick C. Devlin and John Hagan.]

In this case, the warrant in bankruptcy was issued July 10th, 1867, the first meeting of creditors being fixed for July 24th. On that day, the marshal returned, that, by virtue of the warrant, he had caused the notice therein ordered to be published twice in each of the newspapers specified, the first publication having been on the 15th of July, and that, on July 15th, he mailed copies of the notice, as required by the warrant. The register, deeming that notice to the creditors had not been given ten days before the meeting, adjourned it to August 8th, and directed that a new notice should be given by the marshal, as required in the warrant, of the meeting to be held on August 8th. On that day, the marshal returned, that he had mailed notices to the creditors on the 29th of July. The return did not show that any further publication had been made of the notice. On these facts the register certified that the following questions arose: 1. Whether the publication of the notices in the newspapers named, within the period of ten days immediately preceding the return day of the warrant, was sufficient publication, within the meaning of the act. 2. If such publication was sufficient for the first return day, was it necessary again to publish for the adjourned day or second return day, in addition to the mailing or personal service of notices to creditors? [The regis-

ter also states that the parties requested that the said question, should be certified to the judge for his opinion thereon.] [2]

BLATCHFORD, District Judge. The publication of the notices in the newspapers named, within the period of ten days immediately preceding the return day of the warrant, was not sufficient publication, within the meaning of the act. The eleventh section of the act requires that the warrant to the marshal shall authorize him forthwith to publish notices in the newspapers specified and to serve notice, by mail or personally, on the creditors and the other persons specified, and that the notice shall state that a meeting of the creditors, to prove their debts and choose one or more assignees, will be held at a time and place designated in the warrant, not less than ten nor more than ninety days after the issuing of the same. The warrant, form No. 6, directs that the first publication of the notice shall be made forthwith, and that the notice shall be served on the creditors forthwith and at least ten days before the appointed meeting. The good sense of all this is, that the publication must be commenced and the notices be served as soon as conveniently practicable after the issuing of the warrant; but that, at all events, to make the proceedings regular, the publications must be completed before the commencement of the period of ten days immediately preceding the return day of the warrant, and the notices must be served on the creditors before the commencement of such period of ten days.

In the present case, there had been, at the time of the meeting of July 24th, 1867, no proper publication of notice, and no proper service of notice. Under section 12 of the act, it was, therefore, proper for the register to adjourn the meeting to a day and hour to be then and there fixed by him, and to direct that a new notice should be given by the marshal, as required in the warrant, that the meeting of the creditors would be held on such adjourned day and hour. The twelfth section says, that if, at the meeting held in pursuance of the notice, it appears that the notice to the creditors has not been given as required in the warrant, the meeting shall forthwith be adjourned, and a new notice given as required. The expression, "notice to the creditors," in this twelfth section, means the notice required by the eleventh section to be published, as well as the notice required by that section to be served; and the word "given," wherever used in the twelfth section, means published as well as served.

On the adjourned day, the 8th of August, 1867, it appeared that the necessary notice to the creditors had been served as required, that is, ten days before the adjourned meeting, but it did not appear that the notice

had been properly published. On such adjourned day, it was proper for the register to again adjourn the meeting, and direct the notice to be published, the publication to be completed at least ten days before the new adjourned day, the service on the creditors having been properly made and standing good. If the publication had been sufficient for the first return day, it would not have been necessary to publish again for the first adjourned day, or for the second return day; but it would only have been necessary, if the service on the creditors had not been properly made in time before the first return day, to require the service of new notice on the creditors.